IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| MEL GENE MICKLES | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:06cv357 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Movant Mel Gene Mickles, a prisoner confined in the Federal Correctional Institution in Bastrop, Texas, proceeding *pro se*, filed this motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Factual Background and Prior Proceedings

On June 6, 2004, pursuant to a plea of guilty before the United States District Court for the Eastern District of Texas, movant was convicted of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Movant was sentenced to a term of 168 months imprisonment to be followed by five years supervised release.

Movant appealed his conviction to the Fifth Circuit Court of Appeals. On September 27, 2005, the Fifth Circuit granted the government's motion to dismiss the appeal. *United States v. Mickles*, No. 04-40798 (5th Cir. Sept. 27, 2005).

The Motion to Vacate

Movant brings the present motion to vacate asserting the following grounds: (1) counsel provided ineffective assistance because he failed to file movant's appellate brief on direct appeal

before the applicable due date and (2) in light of the Supreme Court rulings in *Apprendi*, *Blakely*, and *Booker*,[1] his constitutional rights under the Fifth and Sixth Amendments were violated.

Analysis

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). Following a conviction and exhaustion or waiver of any right to appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

---

[1] *See Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Nonconstitutional claims that could have been raised on direct appeal may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

*Effect of Guilty Plea*

A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. "This includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea[.]" *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (internal and concluding citations omitted), *cert. denied*, 466 U.S. 906 (1984). To prevail on an ineffective assistance of counsel claim, the movant must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068 (1984).

In the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985). The court must determine that the plea represents "a voluntary choice among the alternative courses of actions open to the defendant." *Id.* 474 U.S. at 56, 106 S.Ct. at 369. Additionally, the Supreme Court has determined that "the representations of the defendant...[at a plea proceeding] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629 (1977). "If a defendant understands the charges against him, understands the consequences of his guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea... will be upheld on federal review." *Stano v. Dugger,* 921 F.2d 1125, 1141 (11th Cir.)(en banc), *cert. denied,* 502 U.S. 835, 112 S.Ct. 116 (1991).

*Waiver*

The first paragraph of movant's written plea agreement provides that movant understands he has a right to have a trial by jury and agrees to waive a jury trial and enter a plea of guilty to Count 1 of the charges against him alleging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 50 grams or more of crack cocaine.

The eighth paragraph of movant's written plea agreement provides as follows:

> Except as otherwise provided in this agreement, the Defendant expressly waives the right to appeal his sentence on all grounds, including an appeal of sentencing pursuant to 18 U.S.C., Section 3742. The Defendant further agrees not to contest his sentence in any post conviction proceeding, including, but not limited to a proceeding under 28 U.S.C., Section 2255. The Defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any upward departure from the guideline range deemed most applicable by the sentencing court; (c) arithmetic errors in the guidelines calculations; and (d) a claim of ineffective assistance of counsel that affects the validity of the waiver itself. The Defendant knowingly and voluntarily waives his right to appeal in exchange for the concessions made by the Government in this agrement and with full understanding that the Court has not determined his sentence.

A defendant may, as part of a valid plea agreement, waive his statutory right to appeal his conviction on direct appeal and under 28 U.S.C. § 2255, if the waiver is knowing and voluntary. *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *United States v. White*, 307 F.3d 336, 339 (5th Cir. 2002). A defendant knowingly enters a waiver when "the defendant fully understands the nature of the right and how it would likely apply *in general* in the circumstances - even though the defendant may not know the *specific detailed* consequences of invoking it." *United States v. Ruiz*, 536 U.S. 622, 629 (2002). An ineffective assistance of counsel argument survives a waiver of appeal only if the claimed assistance directly affected the validity of the waiver of appeal itself. *White*, 307 F.3d at 343.

In this case, movant signed the plea agreement confirming that the agreement was being entered into freely, voluntarily, and upon advice of counsel. At the plea hearing conducted December 15, 2003, petitioner was found to be fully competent and capable of entering an informed plea, was aware of the nature of the charges and the consequences of the plea, and that the plea of guilty was a knowing, voluntary supported by an independent basis in fact containing each of the essential elements of the offense. Movant was informed he could receive not less than ten years imprisonment nor more than life; a fine not to exceed four million dollars, or both; a term of supervised release of at least five years, and a hundred-dollar assessment. During the plea hearing, movant assured the court that his plea was voluntary and did not result from force, and that no other promise had been made or implied. During the plea hearing, movant assured the court he had discussed the plea agreement with his lawyer before signing it and he fully understood the terms of the agreement. Further, movant acknowledged that no one had made any promises to him except for those promises set forth in the plea agreement. Movant also agreed with the summary of the plea agreement, stated he still accepted the terms of the plea, and stated that he understood the waiver of appeal. Solemn declarations in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Montoya v. Johnson*, 226 F.3d 399, 406 (5th Cir. 2000).

The record shows that the plea was voluntary and that movant knowingly and voluntarily waived his right to appeal his sentence on all grounds, except the four specific reservations stated above. Movant further agreed not to contest his sentence in any post conviction proceeding, including, but not limited to a collateral appeal under 28 U.S.C. § 2255. Both movant and his attorney signed the plea agreement confirming that it is the entire plea agreement, that no other

promise has been made or implied, and that the agreement was entered into freely, voluntarily, and upon advice of counsel.

Movant's motion to vacate sentence concerns the alleged ineffective assistance of counsel on appeal and sentencing issues. Therefore, movant is not entitled to collateral review of the claims. Further, for the reasons set forth below, movant's grounds for review are without merit.

*Ineffective Assistance of Counsel*

In his first ground for relief, movant claims counsel provided ineffective assistance by not filing his appellate brief in a timely manner. When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052 (1984). *See United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004). In order to show that counsel was ineffective a petitioner must demonstrate:

> first... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687. In order to prove the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Day v. Quaterman*, 566 F.3d 527, 536 (5th Cir. 2009). The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* If the petitioner fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the

challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992).

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon petitioner, who must demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Martin v. Maggio,* 711 F.2d 1273 (5th Cir. 1983). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

Here, while counsel may not have filed an appellate brief within the time provided in the initial briefing schedule, counsel's time in which to submit the brief was extended by the court, and movant suffered no harm. Movant's appeal was dismissed as a result of the court granting the government's motion to dismiss. The government's motion to dismiss the appeal was based on movant's waiver or his right to appeal , not for tardiness of the brief as movant asserts. Thus, movant has failed to show either deficient performance or prejudice related to his claims.

*Fifth and Sixth Amendment Claims*

Next, movant claims the district court violated his Fifth and Sixth Amendment rights when he was sentenced on facts that were not found by a jury beyond a reasonable doubt. However,

movant's claims are without merit. The Fifth Circuit Court of Appeals has expressly addressed consideration of *Apprendi, Blakely and Booker* on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court. The Supreme Court did not so hold in *Booker*, nor has the Court done so in any case since *Booker*. The same is true with respect to *Apprendi* and *Blakely*. In fact, in *Booker*, the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on direct review." 125 S.Ct. at 769 (emphasis added). The Court could have, but did not, make any reference to cases on collateral review.
>
> In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi, Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule. *Tyler*, 533 U.S. at 666, 121 S.Ct. 2478, 150 L.Ed.2d 632. To the contrary, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of Apprendi to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). Further, the Fifth Circuit has held that the *Booker* decision does not apply retroactively on collateral review to a first § 2255 motion. *See United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005). Thus, *Apprendi, Blakely* and *Booker* are not available to movant in this initial collateral review. Accordingly, movant's issue should be denied.

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence will be denied. A Final Judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the 3 day of **September, 2009.**

Thad Heartfield
United States District Judge